Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6749 | **DATE** | 4/18/2002 |
| **CASE TITLE** | J & A Sales and Marketing vs. J.R. Wood, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 5/13/2002 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Docs 6-1 & 6-2) to dismiss or stay this federal action is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 1 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

J & A SALES AND MARKETING, INC., )
)
Plaintiff, )
)
vs. ) 01 C 6749
)
J.R. WOOD, INC., a California corporation, )
RONALD VANTZ, a California resident, )
and CAROLINE WATKINS, a California )
resident, )
)
Defendants. )



## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant, J.R. Wood, Inc., to either dismiss or stay this federal action. For the reasons discussed below, the motion is denied.

## BACKGROUND

J & A Sales ("J & A"), the plaintiff, filed a complaint in this action on August 29, 2001. The complaint alleges the following facts. J & A is an Illinois corporation in the business of manufacturing and selling organic food products. J.R. Wood ("Wood") is a California corporation in the business of bottling, manufacturing, and producing food products. From 1999 to August 2001, AAlta Organic Food Company



("AAlta") had a contractual relationship with Wood, by which Wood manufactured the KOGEE/KOGI ("KOGEE") product for AAlta and acted as its agent by distributing the product and collecting payments due from purchasers. KOGEE is a coffee drink sold to many large grocery chains including Kroger, Dominick's, Whole Foods, and Jewel, among others.

In July 2001, J & A purchased the assets of AAlta. J & A notified Wood of the purchase the day it took place. Some time after the purchase, J & A contacted Wood in order to negotiate a transfer of the AAlta contract to J & A. Wood refused to transfer the contract. J & A then made requests to Wood asking the company to cease contact with J & A's KOGEE customers. Wood refused this request and informed J & A that it would continue to contact KOGEE purchasers.

Despite repeated requests from J & A, Wood continued to contact KOGEE customers. For instance, Wood allegedly contacted Kroger claiming that Wood was due funds that J & A had claimed. As a result, Kroger stopped payment on a check to J & A. Kroger then canceled several orders with J & A and ultimately stopped purchasing KOGEE products altogether. Wood made similar contacts with Allegro/Whole Foods and KEHE, other J & A customers, ultimately causing both purchasers to terminate relationships with J & A.

Based on the above facts, J & A seeks recovery under two tort causes of action: tortious interference with prospective economic advantage and tortious interference with contract.

Almost simultaneous to the filing of this action, Wood filed a complaint against AAlta on August 29, 2001 in the Merced County Superior Court in California ("the California action"). Wood later amended the complaint to add J & A as a named defendant. That complaint concerned a dispute over money owed to Wood under the contract between Wood and AAlta for the production of KOGEE. Wood's complaint in California state court alleged breach of contract, common counts, conversion, and interference with economic relationship. Wood now moves to stay or dismiss this proceeding pending the outcome of the California state court action.

## LEGAL STANDARD

Federal courts have an "unflagging obligation" to exercise the jurisdiction granted to them. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). However, in exceptional circumstances a federal court may decline to exercise jurisdiction when a parallel action in state court is also pending, considering "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. A stay is only appropriate in limited circumstances; therefore, the task for the court is not to find reasons to

support the exercise of federal jurisdiction but rather to determine whether the "clearest justifications" and "exceptional circumstances" exist to warrant abstention from jurisdiction. AAR Int'l., Inc. v. Nimelias Enter., 250 F.3d 510, 517 (7th Cir. 2001). It is an abuse of discretion for the federal court not to exercise its jurisdiction if there is any doubt that the state litigation will "be an adequate vehicle for the complete resolution of the issues between the parties." AAR Int'l., 250 F.3d at 520, quoting Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983). Any doubt about the parallel nature must be resolved in favor of exercising jurisdiction. Id.

## DISCUSSION

In its motion, Wood asks this court to grant a stay, or in the alternative to dismiss, these proceedings in favor of the California action.[1] They argue that this case exhibits the exceptional circumstances discussed in Colorado River.[2] 424 U.S. at 817.

---

[1]Although Colorado River specifically addressed the power of the district court to dismiss an action in the face of a parallel state proceeding, this circuit has held that a stay, instead of dismissal, is the appropriate procedure. Rosser v. Chrysler, 864 F.2d 1299, 1308 (7th Cir. 1988). A stay keeps the federal forum available if the state court action does not result in a final judgment. Id.

[2]In its reply, Wood also raises a second, unrelated argument: that because the original bottling agreements (contracts between Wood and AAlta) provided that all disputes are governed by California law and must be heard in California courts, this court has no jurisdiction to hear the case at all. Even assuming that the forum-selection clause in the bottling agreements applied to J & A, which was not a party to them and to whom they were never assigned, arguments raised in a reply brief that were not addressed in the original motion are waived. Marie O. v. Jim Edgar, 131 F.3d 610, 614 n.7 (7th

That case recognized that, in certain narrow circumstances, federal courts should relinquish their jurisdiction in favor of pending state cases, even though they do not fall under the ambit of recognized abstention doctrines. Id. at 814.

As a threshold issue in a Colorado River-type case, the court must determine whether the state and federal actions are so similar that they can be deemed parallel. Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc. 962 F.2d 698, 700 (7th Cir. 1992). To be considered parallel, actions must be contemporaneous litigations of substantially the same issues by substantially the same parties. Id. However, the suits need not be perfectly identical. Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988). The court may also consider whether the state action is more comprehensive, such that granting of relief in the state forum would dispense with the claims in the federal forum. Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898 (7th Cir. 1999); Lumen Constr., Inc. v. Brant Constr. Co., Inc., 780 F.2d 691, 695 (7th Cir. 1985). The court is limited in its consideration to the

---

Cir. 1997). The notion supporting this rule is that the opposing party should be given an opportunity to respond to new arguments. Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir. 1992). Wood did not raise the issue of the forum-selection clause in its original memorandum in support of the motion to stay, and we will not consider any argument they may have based upon it. See Hentosh v. Herman M. Finch Univ.. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999).

issues raised by the state action at the time the stay is requested. Parvin E. Day v. Union Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988).

At first blush, the parties in this case seem not substantially similar. The federal action involves J & A, Wood, and two Wood employees, Ronald Vantz and Caroline Watkins. In contrast, the California action includes Wood, J & A, AAlta, an AAlta employee named Mark Wolke, and 99 other unnamed defendants. A close look at the two complaints, however, reveals that their overlapping portions involve mainly J & A and Wood, despite the nominal presence of other parties. As stated above, exact replication of the parties is not required. Interstate Material, 847 F.2d at 1288. The parties in this action, although certainly not identical, are substantially similar. We therefore turn to the second prong of the parallelism analysis: the similarity of the issues presented by the two cases.

The instant case involves two causes of action: tortious interference with prospective economic advantage and tortious interference with contract. Both claims are based on what J & A perceives as Wood's interference with J &A's relationships with its retail purchasers *after* it refused to transfer the AAlta contract to J & A. Overall, the California complaint is much broader, but it primarily focuses on Wood's contractual relationship with AAlta, which was never extended to include J & A. Many of the allegations within that complaint have no application to J & A. The eighth cause

of action, however, is directly implicated by the federal case, in that it seeks relief for interference by the defendants, including J & A, with contracts or relationships with Wood customers in connection with payments Wood claims are due under its bottling agreements with AAlta. J & A's complaint, by contrast, goes beyond the disputes over payments allegedly owed under the AAlta agreements. It includes allegations that Wood's actions soured any relationship that J& A had with these customers, whether in connection with the AAlta products or not. Although both actions to some degree involve the Wood–AAlta contract, the federal action is not a complete subset of the state action, and the resolution of the state case in its current posture will not address all the issues involved in the federal action. Cf. Day, 862 F.2d at 659. Therefore, even though the two cases share some common issues, they do not bear the substantial resemblance necessary to render them parallel.

Furthermore, even if Wood could get past the threshold requirement of parallelism, an analysis of the factors enumerated in Colorado River and its progeny show that this case does not involve the exceptional circumstances that would necessitate a stay of the federal action. Sverdrup Corp. v. Edwardsville Cmty. Sch. Dist., 125 F.3d 546, 549-50 (7th Cir. 1997) (tracing the development of the ten factors used to determine whether exceptional circumstances are present). The factors are: (1) whether the state has assumed jurisdiction over property;(2) the inconvenience of

the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law, state or federal; (6) whether the state court will protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. Caminiti, 962 F.2d at 701. The weight given any one factor depends on the case, Cone, 460 U.S. at 16, and no one factor is outcome-determinative. Caminiti, 962 F.2d at 701. Finally, the balance should be heavily weighted in favor of exercising jurisdiction. Cone, 460 U.S. at 16.

The first and tenth factors have no application here given the facts of this case. There is no indication that the California court has assumed jurisdiction over property nor that it would have occasion to do so. The parties are not engaged in a battle over the existing bottles of KOGEE; they seek only damages and injunctive relief. Neither is there evidence that the federal claim is either vexatious or contrived. In fact, the almost simultaneous filings of the respective complaints speaks to the genuineness of the dispute by both parties.

Three of the remaining eight factors–the second, fifth, and sixth–favor the grant of a stay. The second factor looks to the convenience of the federal forum for the parties. AAR Int'l., 250 F.3d at 523. J & A is the only party located in Illinois. All

three defendants in the federal case are located in California. In addition, AAlta was a California corporation; and Wood employees, who may be witnesses, are located in California. J & A argues that many of the witnesses from J & A's retail customers are located throughout the Midwest, making Illinois a more convenient forum. Although deposing witnesses throughout the Midwest may be more convenient if Illinois is the forum, it is significantly less convenient to all three defendants in the case. However, Wood points out that the potential Midwest witnesses will be required to travel regardless of whether the action is in Illinois or California, across several states in some cases. Therefore, this factor weighs in favor of staying the present action.

The fifth factor, whether state or federal law governs, would indicate a like outcome. The parties dispute whether Illinois or California law controls, but one thing is clear: both complaints are predicated wholly on state law. Although the absence of a federal question weighs against the exercise of jurisdiction, an action based only on state law will not be stayed based on this factor alone. Sverdrup, 125 F.3d at 550.

The sixth factor, whether the state court will protect the federal plaintiff's rights, is related to the fifth, and also weighs in favor of a stay. These cases are based only in state tort and contract law and do not involve rights or protections provided only in federal law. The federal interest is accordingly "far from overwhelming." Finova, 180 F.3d at 900. Although the parties dispute which forum's law will apply to this action,

where all of the actions are based on state law claims the federal court's interest is not as significant as it is when a plaintiff asserts a federal right. In addition, we note that California has a significant interest in a dispute involving corporations doing business within the state, and where many of the witnesses are located within the state. Therefore, this factor weighs in favor of a stay.

Consideration of the remaining five factors, however, directs against staying this action. The third factor emphasizes the desirability of avoiding piecemeal litigation. The Seventh Circuit has adopted the definition of piecemeal litigation from the Ninth Circuit, stating that "piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Day, 862 F.2d at 659, quoting Am. Int'l. Underwriters (Philippines), Inc., v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). The California and federal actions do overlap, and there is some risk that the courts may arrive at conflicting results. However, J & A's complaint focuses not on the AAlta agreements but on its own contracts with its retail customers and Wood's actions, which allegedly caused breaches of those independent agreements. Because the two complaints only partially coincide, even a complete resolution of the state action would not dispose of all of the claims of the federal action. Lumen, 780 F.2d at 695.

The Seventh Circuit has stated that the fourth factor, the order in which jurisdiction was obtained has little independent relevance. Evans Transp. Co. v. Scullin Steel Co., 693 F.2d 715, 718 (7th Cir. 1982). This is especially true in cases like this one, in which the respective complaints are filed within hours of each other, making priority of filing mostly serendipitous. In fact, the Evans court reversed the dismissal of an action when the state court action had been filed a month before the federal action. Id. Thus, this factor counsels in favor of an exercise of jurisdiction.

The seventh factor considers the relative progress of the state and federal cases. It is closely linked to the fourth factor, and it likewise indicates that we should not stay this action. Cone, 460 U.S. at 21 (stating that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions"). The California suit was not even two hours old when the federal suit was filed; at the time the stay was requested, J & A had not even been served in the California case. The state case simply did not have enough time to be "well underway" when the federal action commenced. Evans, 693 F.2d at 718. Our consideration of this case cannot duplicate or set back progress that has not yet been made.

The eighth factor, the presence or absence of concurrent jurisdiction, weighs against a stay. Caminiti, 962 F.2d at 703. Subject matter jurisdiction is clearly concurrent in these cases: the California court has jurisdiction based on the state law

claims and the federal court has jurisdiction by virtue of the parties' diversity. Whether California has personal jurisdiction over J & A, on the other hand, is not as clear. Therefore, this factor supports our exercise of jurisdiction.

Finally, we consider the ninth factor: the availability of removal. If this court stays or dismisses this action in favor of the California state court, both parties agree that J & A will be barred from removing the case to federal court. The California action includes plaintiffs and defendants who share California residency, destroying the possibility of diversity jurisdiction in that case. If this case is stayed, J & A will be precluded from adjudicating in a federal forum. Evans, 693 F.2d at 719.

In sum, the majority of factors involved and their relative relevance to this case, combined with the heavy presumption in favor of exercising jurisdiction, swing the balance away from granting a stay in this case. We conclude that even if the actions were parallel, Wood has not shown that this case involves the exceptional circumstances contemplated in Colorado River, and we remain obligated to exercise our jurisdiction.

## CONCLUSION

For the aforementioned reasons, the motion to stay is denied.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Court

Dated: _____April 18, 2002_____